■ RACHEL GLUCK et al., Appellants, v FANTASTIC, INC., et al., Defendants, and LANDAU SUPERMARKET, INC., Respondent. (And a Third-Party Action.) [807 NYS2d 304]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (M. Garson, J.), dated August 18, 2004, as granted that branch of the motion of the defendant

Landau Supermarket, Inc., which was for summary judgment dismissing the fourth cause of action alleging common-law negligence, and (2) a judgment of the same court entered December 8, 2004, as dismissed the fourth cause of action alleging common-law negligence.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiffs' contentions, the Supreme Court properly granted that branch of the motion of the respondent Landau Supermarket, Inc., which was for summary judgment dismissing the fourth cause of action alleging common-law negligence. In opposition to the respondent's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

We note that the plaintiffs' contentions regarding its separate causes of action sounding in negligence per se and/or strict products liability based upon specifically-alleged statutory violations are not properly raised on this appeal. Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.